UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Abeth Hashimi,

Plaintiff,

vs.

Antonino G. Curcuru, a/k/a Antonio Curcuru; Silvana Loccisano, a/k/a Silvana Curcuru; and Taco Azul Inc.,

Defendants.

## COMPLAINT

Plaintiff, ABETH HASHIMI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, ANTONINO G. CURCURU, a/k/a ANTONIO CURCURU; SILVANA LOCCISANO, a/k/a SILVANA CURCURU; and TACO AZUL INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**3.** Plaintiff, ABETH HASHIMI, is over the age of 18, *sui juris*, and a resident of

Queens County, New York. Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy, which is characterized by a defect in the cell structure of voluntary muscles, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**4.** Defendant, ANTONINO G. CURCURU, a/k/a ANTONIO CURCURU, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, ANTONINO G. CURCURU, a/k/a ANTONIO CURCURU, jointly with Defendant, SILVANA LOCCISANO, a/k/a SILVANA CURCURU, is the co-owner of the subject property located at 14-09 150th Street, Whitestone, NY 11357 (hereinafter, the "Subject Premises").

**5.** Defendant, SILVANA LOCCISANO, a/k/a SILVANA CURCURU, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, SILVANA LOCCISANO, a/k/a SILVANA CURCURU, jointly with Defendant, ANTONINO G. CURCURU, a/k/a ANTONIO CURCURU, is the co-owner of the Subject Premises.

**6.** Defendant, TACO AZUL INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "TACO AZUL" located at the Subject Premises.

**7.** According to the New York State Liquor Authority, the Defendant, TACO AZUL INC., was issued an On Premises Liquor license on February 24, 2025 for the Subject Premises.

**8.** TACO AZUL is a Mexican restaurant offering a variety of Mexican cuisine, including tacos, burritos, quesadillas, and other traditional Mexican dishes, along with alcoholic and non-alcoholic beverages, to members of the general public in a casual dining setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase

meals and beverages in a public accommodation intended for on-site dining. TACO AZUL is located at 14-09 150th Street in Whitestone, Queens, within a neighborhood containing restaurants, cafés, local shops, and other retail and service-oriented businesses. The Plaintiff appreciates the restaurant's proximity to his home, the Mexican food offerings, and the opportunity to enjoy traditional Mexican cuisine that reflects his Hispanic heritage. However, despite the Plaintiff's interest in patronizing the restaurant, he was unable to enter the establishment due to a step at the entrance, which prevented him from purchasing food and enjoying the dining experience. This and other significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** On or about November 5, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. The Plaintiff's ability to partake in the services and goods at the Subject Presmises was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding concrete step hindering any wheeled ambulation or safe entry of his motorized wheelchair, and thus prevented full and equal access and enjoyment to the public accommodation.

**10.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum

guidelines of the law, which are both feasible and readily achievable.

**11.** Pursuant to 42 U.S.C. § 12186(b), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**12.** TACO AZUL is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the restaurant more than a half dozen times a year for lunches and dinners; considering how appetizing and distinctive such unique dishes are, when traversing a neighborhood he frequents multiple times a month.

**13.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**14.** On or about November 5, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**15.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**16.** Plaintiff restates Paragraphs 1-15 as though fully set forth herein.

**17.** Defendants, ANTONINO G. CURCURU, a/k/a ANTONIO CURCURU;

SILVANA LOCCISANO, a/k/a SILVANA CURCURU; and TACO AZUL INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**18.** ANTONINO G. CURCURU, a/k/a ANTONIO CURCURU and SILVANA LOCCISANO, a/k/a SILVANA CURCURU, jointly and severally as the co-owners of the Subject Premises, are responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

**19.** TACO AZUL INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**20.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's

behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**21.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance and Accessible Routes**

**i. Inaccessible Entrance Due to Noncompliant Step and Lack of Ramp.**
The entrance has a step that prevents Plaintiff from independently entering and exiting the restaurant while using his wheelchair. The entrance does not provide a compliant ramp or accessible route to overcome the change in level, denying Plaintiff independent access to the restaurant and an accessible means of egress. These conditions violate ADAAG §§ 4.3.2, 4.3.8, and 4.8 and the 2010 ADA Standards §§ 206.2.1, 206.4, 207.1, 303.4, 402, and 405. Removing the step or providing a compliant accessible ramp and route to the entrance is readily achievable.

**ii. Entrance Door Lacks Required Maneuvering Clearance.**
The entrance door does not provide the required minimum maneuvering clearance, and the floor surface within the required maneuvering area contains a noncompliant change in level. These conditions interfere with Plaintiff's ability to position his wheelchair, independently operate the entrance door, and safely maneuver into and out of the restaurant. These conditions violate ADAAG §§ 4.13.6 and 4.13.8 and the 2010 ADA Standards §§ 404.2.4, 404.2.4.1, and 404.2.4.4. Reconfiguring the entrance and correcting the change in level to provide compliant door maneuvering clearance is readily achievable.

**Dining Area**

**iii. Dining Area Lacks the Required Number of Accessible Dining Surfaces.**
The dining area does not provide the required minimum percentage of accessible dining surfaces. The existing table configurations prevent Plaintiff from independently accessing dining surfaces while seated in his wheelchair. This condition violates ADAAG §§ 4.1.3(18) and 5.1 and the 2010 ADA Standards §§ 226.1 and 902. Providing the required number of compliant accessible dining tables is readily achievable.

**iv. Dining Tables Lack Required Knee and Toe Clearance.**
The dining tables do not provide the required knee and toe clearance beneath the dining surfaces. The insufficient clearance prevents Plaintiff from positioning his wheelchair beneath the tables and independently using the dining surfaces. These conditions violate ADAAG §§ 4.32.3 and 4.32.4 and the 2010 ADA Standards §§ 902.2, 306.2, and 306.3. Modifying or replacing the affected tables to provide compliant knee and toe clearance is readily achievable.

**v. Dining Booth Tables Lack Required Clear Floor Space.**
The dining booth tables do not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient clearance prevents Plaintiff from positioning his wheelchair at the booth tables and independently using the dining surfaces. This condition violates ADAAG §§ 4.2.4, 4.32.2, and 5.1 and the 2010 ADA Standards §§ 226.1, 902.2, and 305.3. Reconfiguring the dining booths to provide compliant clear floor space for wheelchair access is readily achievable.

**Dining Counter**

**vi. Dining Counter Lacks a Compliant Accessible Section.**
The dining counter exceeds the maximum permitted accessible height of 34 inches and does not provide the required accessible portion for wheelchair users. These conditions prevent Plaintiff from positioning his wheelchair at the counter and independently obtaining dining services in a manner comparable to other patrons. These conditions violate ADAAG §§ 4.32.4 and 5.2 and the 2010 ADA Standards §§ 226.1, 902.2, and 902.3. Modifying the dining counter to provide a compliant accessible section with the required height and clearance is readily achievable.

**Restroom**

**vii. Accessible Route to the Restroom Lacks Required Clear Width.**
The travel path leading to the restroom does not provide the required minimum clear width of 36 inches. The insufficient clearance interferes with Plaintiff's ability to independently maneuver his wheelchair along the accessible route to the restroom. This condition violates ADAAG §§ 4.3.3 and 4.3.4 and the 2010 ADA Standards §§ 402 and 403.5.1. Reconfiguring the affected travel path to provide compliant accessible route clearance is readily achievable.

**viii. Restroom Lacks Required Accessible Signage.**
The restroom does not provide compliant identification signage with the required tactile characters and mounting location. The absence of compliant signage interferes with Plaintiff's ability to independently identify the restroom. This condition violates ADAAG §§ 4.1.3(16), 4.30.4, and 4.30.6 and the 2010 ADA Standards §§ 216.2, 703.1, 703.2, 703.4.1, and 703.4.2. Installing compliant restroom identification signage is readily achievable.

**ix. Restroom Door Lacks Required Clear Opening Width.**
The restroom door does not provide the minimum required clear opening width of 32 inches. The insufficient width interferes with Plaintiff's ability to pass through the doorway while using his wheelchair. This condition violates ADAAG § 4.13.5 and the 2010 ADA Standards § 404.2.3. Modifying or replacing the restroom door and doorway to provide the required clear opening width is readily achievable.

**x. Restroom Door Lacks Required Maneuvering Clearance.**
The restroom door does not provide the required maneuvering clearance for wheelchair users. The insufficient clearance interferes with Plaintiff's ability to approach, open, and maneuver through the restroom doorway. This condition violates ADAAG §§ 4.13.6 and 4.13.8 and the 2010 ADA Standards §§ 404.2.4 and 404.2.4.1. Reconfiguring the doorway and surrounding area to provide compliant maneuvering clearance is readily achievable.

**xi. Restroom Door Swings into Required Clear Floor Space.**
The restroom door swings into the clear floor space required for restroom fixtures. This encroachment interferes with Plaintiff's ability to independently maneuver his wheelchair within the restroom and access the restroom fixtures. This condition violates ADAAG §§ 4.22.3 and 4.22.4 and the 2010 ADA Standards § 603.2.3. Reconfiguring the restroom door swing to preserve the required clear floor space is readily achievable.

**xii. Restroom Lacks Required Wheelchair Turning Space.**
The restroom does not provide the required minimum wheelchair turning space. The insufficient space prevents Plaintiff from independently turning and repositioning his wheelchair within the restroom. This condition violates ADAAG §§ 4.2.3 and 4.22.3 and the 2010 ADA Standards §§ 603.2.1 and 304.3. Reconfiguring the restroom to provide compliant wheelchair turning space is readily achievable.

**xiii. Lavatory Lacks Required Clear Floor Space.**
The lavatory does not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient space interferes with Plaintiff's ability to position his wheelchair at the lavatory and independently use the sink. This condition violates ADAAG §§ 4.2.4 and 4.19.3 and the 2010 ADA Standards §§ 305.3 and 606.2. Reconfiguring the lavatory and surrounding area to provide compliant clear floor space is readily achievable.

**xiv. Lavatory Lacks Required Knee and Toe Clearance.**
The lavatory does not provide the required knee and toe clearance beneath the sink because of the existing cabinet structure. The obstruction prevents Plaintiff from positioning his wheelchair beneath the lavatory and independently using the sink. This condition violates ADAAG § 4.19.2 and the 2010 ADA Standards §§ 306.2, 306.3, and 606.2. Modifying or replacing the lavatory cabinet to provide compliant knee and toe clearance is readily achievable.

**xv. Restroom Mirror Exceeds the Maximum Permitted Height.**
The restroom mirror is mounted above the maximum permitted accessible height, with the

bottom edge of the reflecting surface exceeding 40 inches above the finished floor. The excessive height interferes with Plaintiff's ability to independently use the mirror while seated in his wheelchair. This condition violates ADAAG § 4.19.6 and the 2010 ADA Standards § 603.3. Lowering or replacing the mirror to provide a compliant accessible height is readily achievable.

**xvi. Accessible Route to the Water Closet Lacks Required Clear Width.**
The travel path leading to the water closet does not provide the required minimum clear width of 36 inches. The insufficient clearance interferes with Plaintiff's ability to maneuver his wheelchair toward the water closet and position himself for a transfer. This condition violates ADAAG §§ 4.3.3 and 4.3.4 and the 2010 ADA Standards §§ 402 and 403.5.1. Reconfiguring the affected area to provide compliant accessible route clearance is readily achievable.

**xvii. Water Closet Lacks Required Clear Floor Space.**
The water closet does not provide the required minimum clearance of 60 inches measured perpendicular from the side wall and 56 inches measured perpendicular from the rear wall. The insufficient clearance interferes with Plaintiff's ability to position his wheelchair alongside the water closet and safely transfer between his wheelchair and the water closet. This condition violates ADAAG §§ 4.16.2 and 4.17.3, as applicable, and the 2010 ADA Standards §§ 604.3 and 604.3.1. Reconfiguring the restroom to provide compliant water closet clearance is readily achievable.

**xviii. Water Closet Lacks Required Grab Bars.**
The water closet does not provide the required rear wall and side wall grab bars. The absence of these grab bars deprives Plaintiff of the support and stability necessary to safely transfer between his wheelchair and the water closet. These conditions violate ADAAG §§ 4.16.4 and 4.26 and the 2010 ADA Standards §§ 604.5, 604.5.1, and 604.5.2. Installing compliant rear wall and side wall grab bars is readily achievable.

**xix. Water Closet Flush Control is Improperly Positioned.**
The water closet flush control is positioned on the closed side rather than the required open side of the water closet. The improper positioning interferes with Plaintiff's ability to independently reach and operate the flush control while seated on the water closet. This condition violates ADAAG § 4.16.5 and the 2010 ADA Standards § 604.6. Relocating or modifying the flush control to provide compliant positioning on the open side of the water closet is readily achievable.

**22.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until

Defendants are compelled to remove these barriers and comply with the ADA.

**23.** Plaintiff will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**24.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**25.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**26.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**27.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**28.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to

remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com